UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  *Plaintiff*<br><br>         v.<br><br>JASON O'NEAL,<br><br>                  *Defendant.* | Crim. Action No.: 3:15-cr-00373 (PGS)<br><br>**MEMORANDUM<br>AND ORDER** |

      This matter comes before the Court on Defendant Jason O'Neal's motion for compassionate release pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (ECF No. 269). Defendant is a 49-year-old inmate serving a 144-month term of imprisonment for conspiring to distribute heroin. He resides at Forrest City Medium FCI and has approximately 3.5 years remaining on his sentence. He claims that his health conditions – namely, obesity, type 2 diabetes, high cholesterol, high blood pressure, and sleep apnea – constitute extraordinary and compelling reasons warranting his early release in light of the COVID-19 pandemic. The Court heard oral argument on February 8, 2021. For the reasons that follow, Defendant's motion is denied.

I.

      In July 2015, O'Neal pleaded guilty to conspiring to distribute between 100 and 400 grams of heroin, contrary to 21 U.S.C. 846. (Plea Agreement 1, 8, ECF No. 262; Judgment 1, ECF No. 263). The drug distribution took place in Ocean and Monmouth Counties between February 2013 and March 2014, and O'Neal held a managerial or supervisory role in the operation. (*Id.* at 8; *see also* Sentencing Transcript ("Tr.") at 4:12-17, ECF No. 267).

1

This Court sentenced Defendant to a 144-month term of imprisonment in December 2015. (Judgment at 2). During the sentencing hearing, the Court determined that Defendant's criminal history category was VI (24 points), and his offense level was 29, taking into consideration his career offender status. (Tr. 6:17-19, 7:8-8:12, 12:25-13:1). Observing that "Mr. O'Neal's participation in this drug scheme was significant and it was over a long period of time," and that "he is a recidivist in a lot of ways," the Court approved the plea agreement, though it noted that 12 years "seems a little lenient" based on the nature of the offense and Defendant's criminal history. (Tr. 12:22-24, 13:1-2, 13:22-24). In addition, Defendant received a concurrent 24-month sentence for violating his supervised release in a previous case. (Moving Br. 2-3, ECF No. 269).

Defendant is incarcerated at Forrest City Medium FCI in Arkansas and has a projected release date of June 16, 2024. (Moving Br. 2-3). He anticipates being released to home detention on December 16, 2023. (*Id.* at 19). He submitted an internal request for compassionate release in June 2020, which was denied on July 14, 2020. (*Id.* at 12). The warden stated that O'Neal did not qualify for a sentence reduction given his prior convictions of Supervised Release Violation and Felon in Possession of Firearm, and that his health conditions did not meet the criteria for compassionate release under BOP Program Statement 5050.50.[1] (Moving Br. Ex. D). On November 17, 2020, Defendant moved this Court for compassionate release.

In his moving brief, Defendant argues that he has presented extraordinary and compelling reasons for a sentence reduction because his health conditions render him particularly vulnerable

---

[1] *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g)* ("Program Statement 5050.50"), Fed. Bureau of Prisons (Jan. 17, 2019), https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

to COVID-19.  (*Id.* at 3, 15).  He submits that he receives specific medical care for his diabetes, obesity, high blood pressure, and high cholesterol, and is classified as "Care Level 2."  (*Id.* at 6-7).  According to BOP, Care Level 2 inmates are "stable outpatients" who require clinical evaluations "monthly to every 6 months."  (*Id.* at 6 (citing *Care Level Classification for Medical and Mental Health Conditions or Disabilities*, Fed. Bureau Prisons 2 (May 2019), https://www.bop.gov/resources/pdfs/care_level_classification_guide.pdf)).

At the time Defendant filed his brief, there were 7 inmates and 16 staff who tested positive for the virus, and 103 inmates and 5 staff who had recovered.  (*Id.* at 7).  He argues that he is not able to practice social distancing or proper hygiene under the conditions at his facility.  (*Id.* at 7-8).  Further, he asserts that while all BOP facilities have implemented a COVID-19 Action Plan, that protocol has failed to prevent the spread of the virus to hundreds of inmates across the country.  (*Id.* at 8, 14).  He also notes that even though many inmates have recovered, there is often lasting damage from the virus that results in a need for ongoing medial care.  (*Id.*).  In addition, he cites cases in which courts granted compassionate release to medically vulnerable inmates because they could not take adequate protective measures – even though there were no reported COVID-19 cases at those facilities at that time.  (*Id.* at 14-15).

Finally, Defendant argues that the § 3553(a) factors do not present a barrier to his early release.  He claims he has "learned substantially from his mistakes" and has participated in numerous educational courses, as well as a drug treatment program, to improve himself.  (*Id.* at 18-19).  O'Neal has also worked with UNICOR since 2016 and received positive reviews from his manager.  (*Id.* at 19). More specifically, his manager described O'Neal as "enthusiastically tackling assignments", "stepping up and volunteering in the factory relocation . . ." and "exceptionally reliable".   Based on his demonstrated rehabilitation, he argues he does not pose a

danger to any person or the community. (*Id.*). In sum, Defendant asks this Court to reduce his sentence to time served and release him to live with his girlfriend in Farmingdale, New Jersey, so he may better protect himself from contracting COVID-19. (*Id.* at 20).

In its opposition brief, the United States argues that the severity of Defendant's offense and the § 3553(a) factors counsel against granting the requested relief. (Opp. Br. 1, ECF No. 270). It emphasizes that Defendant committed the crime for which he is presently incarcerated while on federal supervised release arising from a prior firearms conviction. (*Id.*). It points to his extensive criminal history as evidence that he is "unable to become a law-abiding citizen, despite lengthy periods of incarceration and numerous opportunities for rehabilitation." (*Id.* at 2). It argues that releasing Defendant with several years remaining on his sentence would not serve the intended purposes of deterrence and protecting public safety. (*Id.* at 13-14). Further, it notes that the inmates in the cases cited by Defendant had significantly shorter sentences and little to no criminal history. (*Id.* at 12-13).

While the United States acknowledges that Defendant's obesity and type 2 diabetes are "extraordinary and compelling" reasons that could justify early release, it insists those conditions are outweighed by the danger he poses to the community and the fact that Forrest City Medium has low and declining rates of COVID-19. (*Id.* at 11-12). It highlights the procedures BOP is implementing to monitor, treat, and prevent the spread of the virus within its inmate populations, as well as the need to balance risks to both inmates' health and public safety. (*Id.* at 3-4, 4-9). In addition, it challenges O'Neal's release plan because there is no indication that it will help him avoid recidivism or exposure to COVID-19. (*Id.* at 13).

II.

A court may grant a compassionate release motion if the criteria in 18 U.S.C. § 3582(c) are satisfied.  The First Step Act allows an inmate to move for compassionate release directly after he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (codified at 18 U.S.C. § 3582(c)(1)(A)).

If those requirements are satisfied, a court may reduce a sentence if the modification is justified by "extraordinary and compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  According to the Sentencing Commission's policy statement, a defendant's medical condition, age, family circumstances, or "other reasons" may be grounds to find that "extraordinary and compelling reasons" for compassionate release exist.  USSG § 1B1.13 cmt. n.1(A)-(D).

Courts have considered what "other reasons" are sufficient to warrant release under the "extraordinary and compelling" provision.  In light of the COVID-19 pandemic, courts have generally deferred to the CDC's list of underlying medical conditions that increase one's risk of severe illness from the virus.  *See, e.g.*, *United States v. Henderson*, No. CR 15-0329 (ES), 2020 WL 5055081, at *4 (D.N.J. Aug. 26, 2020).  Obesity[2] and type 2 diabetes are known risk factors, and high blood pressure is a potential risk factor.  *People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 2, 2021).

---

[2] CDC classifies a person as obese if s/he has a BMI of at least 30, and Defendant's BMI is 36.  (Moving Br. 3).

Even if extraordinary and compelling circumstances for compassionate release are present, a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020). Further, the Third Circuit has held that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

### III.

In the present matter, the parties do not dispute that Mr. O'Neal has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A) and that his health conditions constitute "extraordinary and compelling reasons" for a sentence reduction under the U.S. Sentencing Commission's policy statement. (*See* Opp. Br. at 11). Thus, the remaining question is whether the § 3553(a) sentencing factors weigh in favor of or against compassionate release.

Taking into consideration Defendant's past conduct and the factors considered at sentencing, the Court finds that his circumstances do not warrant early release under § 3553(a). Defendant's offense was serious and demands both specific and general deterrence. As the Court noted at the sentencing hearing, a twelve-year sentence was "a little lenient" in light of Defendant's "significant" role in the offense "over a long period of time," and his extensive criminal history. As such, O'Neal's prior criminal conduct and his supervisory role in his offense outweighs his present medical and COVID concerns as well as his laudable work experience with UNICOR.

6

The Court also acknowledges that more than three hundred inmates have recovered from COVID-19 and none have died at Defendant's facility.  *Covid-19 Cases*, Fed. Bureau Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 9, 2021).  Although there has been some fluctuation, the number of positive cases among inmates is approximately the same as when Defendant filed his petition; it is apparent that BOP has been making a concerted effort to treat and manage the spread of the virus.  *See id.*; *Raia*, 954 F.3d at 597.

Overall, the Court finds that reducing Defendant's sentence by more than three years is inappropriate as the § 3553 factors of specific and general deterrence outweigh his medical and COVID concerns.  As such, his motion for compassionate release is denied.

### ORDER

**THIS MATTER** having come before the Court on Defendant Jason O'Neal's Motion for Compassionate Release, (ECF No. 269); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented; and for good cause shown; and for all of the foregoing reasons;

**IT IS** on this 16th day of February, 2021,

**ORDERED** that Defendant's motion for compassionate release (ECF No. 269) is **denied**.

    *s/Peter G. Sheridan*
    PETER G. SHERIDAN, U.S.D.J.