UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 *Plaintiff*<br><br>      v.<br><br>JASON O'NEAL,<br><br>                *Defendant*. | Crim. Action No.: 3:15-cr-00373 (PGS)<br><br>**MEMORANDUM<br>AND ORDER** |

This matter comes before the Court on Defendant Jason O'Neal's ("O'Neal" or "Defendant") motion for reconsideration following this Court's denial of his compassionate release motion under the First Step Act, 18 U.S.C. § 3582(c)(1)(A). (Moving Br., ECF No. 274). The Court heard oral argument on June 29, 2021. For the reasons that follow, Defendant's motion is granted in part.

I.

In July 2015, O'Neal pleaded guilty to conspiring to distribute between 100 and 400 grams of heroin, contrary to 21 U.S.C. 846. (Plea Agreement 1, 8, ECF No. 262; Judgment 1, ECF No. 263). This Court sentenced Defendant to a 144-month term of imprisonment in December 2015. (Judgment at 2). Defendant is presently incarcerated at Butner FMC and has a projected release date of June 16, 2024. (Def.'s Supp. Br. 1, 3, ECF No. 281).

By way of background, after exhausting his administrative remedies, Defendant moved this Court for compassionate release on November 17, 2020. (ECF No. 269). He argued that his health conditions – namely, obesity, type 2 diabetes, high cholesterol, high blood pressure, and sleep apnea – constituted extraordinary and compelling reasons for early release in light of the

COVID-19 pandemic. At that time, the Court acknowledged that Defendant had presented extraordinary and compelling circumstances but that the § 3553(a) sentencing factors weighed against granting the requested relief. Noting that Defendant had an extensive criminal history and that his twelve-year sentence was "a little lenient" in light of his "significant" role in the offense "over a long period of time," the Court found there was a need for specific and general deterrence, and denied the motion. (Mem. & Order 6-7, ECF No. 273).

Defendant filed a letter on March 15, 2021, which this Court construed as a motion for reconsideration. (ECF Nos. 274, 275). Defendant emphasized that he plans to attend a CDL class and seek employment near Asbury Park as a truck driver while living with his girlfriend in Farmingdale. The United States opposed the motion. (Opp. Br., ECF No. 276).

During oral argument on June 29, 2021, Defendant argued that his recent cancer diagnosis (nasopharyngeal carcinoma) is an extraordinary and compelling reason for early release. (Def.'s Supp. Br. 3, ECF No. 281; see also *id*. Ex. B). The Court permitted additional briefing on this newly raised issue. (*See* Letter Order, ECF No. 279; Supp. Opp. Br., ECF No. 280). The United States argued that Defendant's cancer formed a novel basis for compassionate release, triggering the statutory exhaustion requirement. (Supp. Opp. Br. at 1). It conceded that O'Neal's cancer is an extraordinary and compelling circumstance, but insisted that the § 3553(a) sentencing factors weigh against early release and that BOP can provide the necessary medical treatment. (*Id.* at 3).

O'Neal submitted a new request for compassionate release to the warden of his facility in June 2021, which was denied on July 26, 2021. (Def.'s Supp Br. Ex. A). The warden determined that Defendant was not eligible for a sentence reduction based on his cancer

diagnosis because O'Neal does not suffer with a terminal illness with a life expectancy of less than 18 months, is not elderly, and is independent with self-care. (*Id.*).

Defendant argues that his treatment of the cancer (chemo and radiation therapy) may deprive him of an opportunity to participate in BOP's RDAP program. (Def.'s Supp. Br. at 3). If completed, the RDAP program would allow BOP officials to reduce O'Neal's sentence by up to one year. (*See* Def.'s Supp. Br. at 1). However, the early release appears to be in jeopardy because his treatment and related medical protocols may consume time that would preclude his participation in RDAP. (*Id.* At 3, n. 4).

In sum, Defendant argues that these new facts concerning his cancer diagnosis, and participation in RDAP, are extraordinary and compelling circumstances that are not outweighed by the § 3553(a) sentencing factors. (*Id.* at 3-4). As in his prior motion for compassionate release, he highlights evidence of his rehabilitation, including his work history with UNICOR and a positive character letter from his BOP counselor. (*Id.*; *see also id*. Ex. C). Alternatively, O'Neal argues that if the sentence is not reduced to time served, then a reduction of one year (from 144 months to 132 months imprisonment) would be appropriate. (*Id.* at 4).

Because O'Neal raises a new basis for compassionate release that was not included in his original motion, and has exhausted his administrative remedies on those grounds, the Court will apply the standard for a compassionate release motion rather than a motion for reconsideration.

II.

Here, O'Neal he has fully exhausted all administrative rights to appeal, and the government concedes that O'Neal's cancer diagnosis and treatment (chemo and radiation therapy) together with him other illnesses (obesity, type 2 diabetes, hypertension) constitutes an extraordinary reason to warrant release. It is noted that there is a widespread availability of the

3

COVID-19 vaccine, but the risk of acquiring COVID-19 or its variants remains a perilous threat. As such, the Court finds that all of his health considerations constitute extraordinary and compelling reasons.

Even if extraordinary and compelling circumstances for compassionate release are present, a court may deny the requested relief if the 18 U.S.C. § 3553(a) factors do not weigh in favor of the defendant's release. *See, e.g.*, *United States v. Pawlowski*, 967 F.3d 327 (3d Cir. 2020). In the previous motion, I noted that general deterrence and the severity of the crime did not warrant modification to time served, and I do not defer from that opinion. But the alternative relief of modifying the sentence from 144 to 132 months is warranted for several reasons. They are (1) the severity of his incarceration have been harsher during the pandemic; (2) the cancer diagnosis is an ongoing physical and mental health issue; (3) reduction of sentence by one year meets the general and specific deterrence factors previously noted; and (4) most importantly, his exemplary work history with UNICOR.

## **ORDER**

This matter is before this Court on Defendant's motion for reconsideration (ECF No. 274); and the Court having carefully reviewed and taken into consideration the submissions of the parties, as well as the arguments and exhibits therein presented, and for good cause shown, and for all of the foregoing reasons,

IT IS on this 9th day of September, 2021,

ORDERED that Defendant's motion for compassionate release (ECF No. 274) is granted in part as the sentence is modified from 144 months to 132 months.

s/*Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.